## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  DAVID KOBOSKY, | |
|     Plaintiff, | |
| v. | Case No.  14 – CV – 30 – SPS |
| (1)  SOUTHEASTERN OKLAHOMA STATE UNIVERSITY, | Bryan County District Court Case No.  CJ-2013-216 |
|     Defendant. | |

# EXHIBIT 1 –

# PLAINTIFF'S PETITION

SC-14-0005
DLC

IN THE DISTRICT COURT OF BRYAN COUNTY
STATE OF OKLAHOMA

RECEIVED
JAN 15 2014
ATTORNEY GENERAL

| | |
|---|---|
| DAVID KOBOSKY, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: CJ-2013-216 |
| ) | |
| SOUTHEASTERN OKLAHOMA ) | FILED |
| STATE UNIVERSITY, ) | BRYAN COUNTY, OKLAHOMA |
| ) | DISTRICT COURT CLERK |
| Defendant. ) | |

DEC 20 2013

SANDY STROUD
COURT CLERK
BY_____ Deputy

**PETITION**

**COMES NOW** the Plaintiff, David Kobosky and for his claims and causes of action against the Defendant Southeastern Oklahoma State University and states as follows:

**SUMMARY OF THE CASE**

1) Plaintiff is a resident and citizen of Bryan County, State of Oklahoma.

2) Defendant, Southeastern Oklahoma State University, is a domestic corporation doing business at 1405 N. 4th, Durant, Bryan County, Oklahoma.

3) All events which lead to the claims alleged herein arose out of the actions of Southeastern Oklahoma State University in Durant, Oklahoma.

4) Pursuant to 12 O.S. §187 (*i.e.*, Oklahoma Pleading Code), venue is proper within the District Court of Bryan County, Oklahoma.

5) Defendant was served with notice of said claim under the OGTCA on May 3, 2013 and was denied on June 24, 2013.

6) Plaintiff first became an employee of the Defendant at its Durant, Bryan County, Oklahoma location on or about seven (7) years ago. He remained employed with the Defendant until he was placed on administrative leave, then terminated shortly after his leave he was terminated on performance related allegations.

ANSWER DUE
2/3/14

## FIRST CAUSE OF ACTION

COMES now the Plaintiff's first cause of action against the Defendant and states as follows:

1. The Plaintiff is within the protected class of employees, pursuant to Title VII of the Civil Rights Act of 1990 as amended, including but not limited to §704(a).

2. Plaintiff was employed with Defendant Southeastern Oklahoma University for about 7 years, starting at the helpdesk and after a few years gained a promotion for a full time position as a PC technician at the helpdesk.

3. Plaintiff learned that his wife and his boss Shawn Ridenour were having sexual encounters and all the employees at the helpdesk were warned by Dan Moore, Vice President, that if this was talked about at work they would have reprimand brought against them.

4. Plaintiff feared for his job as this is how he provided for his family took no action against Shawn Ridenour.

5. As time went on, Plaintiff's work environment became unhealthy, very burdensome and many co-workers became resentful against him for no apparent reason finding reasons to get him terminated, until he had no choice but to report said actions.

6. Shortly after said actions, Plaintiff was accused of taking the schools equipment home and selling the items for extra money. On June 27, 2012, Plaintiff was put on administrative leave pending an investigation and eventually terminated.

As a result of the Defendants violation and disparate treatment of the Plaintiff the Plaintiff has been harmed in an amount that exceeds that of diversity jurisdiction.

## SECOND CAUSE OF ACTION

Comes now the Plaintiff and for his second cause of action against the Defendant for intentional infliction of emotional distress and incorporates the allegations and averments of the preceding paragraphs and states as follows:

7. The Defendants conduct, by and through its employees, as set forth here in the setting in which it occurred, was so extreme and outrageous as to go beyond all possible bounds of

2

decency and would be considered atrocious and utterly intolerable in civilized society.

8. The Defendants, by and through its employees, intentionally and recklessly caused severe emotional distress to the Plaintiff beyond that which a reasonable person could be expected to endure and as a direct and proximate result the Plaintiff was harmed in an amount that that exceeds that of diversity jurisdiction.

### THIRD CAUSE OF ACTION BLACKLISTING UNDER 40 O.S.2001 § 172

9. Defendant published, or caused to be published, or blacklisted, Plaintiff with intent and for the purpose of preventing him from engaging in or securing similar or other employment from any other corporation, company or individual, when it continually discouraged prospective employers of the Plaintiff to employ him.

10. Defendant's conduct, described above, violated 40 O.S.2001 § 172.

### DAMAGES

As a direct and proximate result of the Defendants conduct as described herein the Plaintiff has and will suffer lost wages, lost earning capacity.

a) The Plaintiff has and will suffer less earning, and earning capacity.

b) The conduct of the Defendants was willful and intentional and with reckless disregard for the Plaintiff and those similarly situated to the extent that malice may be implied and punitive and damages assessed.

WHEREFORE, prays judgment for in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with punitive damages, interest, attorney's fees, and costs of this action, and other relief deemed just and equitable by this Honorable Court.

3

Respectfully submitted,

*[signature]*

Laurie J. Miller OBA# 19681
MILLER LAW FIRM, P.C.
P.O. Box 720576
108 East Main Street
Norman, Oklahoma   73070
Telephone 405-310-6133
Facsimile 405-292-2205

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED